UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 APR 23 PM 1:38

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DR. W. ANN REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-1267-S |
| ) | |
| THE BOARD OF TRUSTEES ) | **ENTERED** |
| OF THE UNIVERSITY OF ) | |
| ALABAMA, ) | APR 2 3 2004 |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Dr. W. Ann Reynolds ("plaintiff"), who formerly was President of the University of Alabama in Birmingham, commenced this action against the Board of Trustees of the University of Alabama ("the Board").[1] Plaintiff's original complaint asserts gender discrimination claims against the Board under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*,[2] as well as 42 U.S.C. § 1983,[3] and a Title VII retaliation claim for plaintiff's alleged opposition to unlawful employment practices.[4] In addition to these federal claims, plaintiff pled a supplemental, state-law claim of age discrimination.[5] *See* 28 U.S.C. § 1367(a); Ala.

---

[1] See doc. no. 1 (complaint) ¶ 6, at 2.
[2] *Id.* ¶¶ 20-24.
[3] *Id.* ¶¶ 25-30.
[4] *Id.* ¶¶ 31-35.
[5] *Id.* ¶¶ 36-38.



Code § 25-1-20 *et seq.* (1975) (2000 Replacement Vol.) ("The Alabama Age Discrimination in Employment Act").

The action now is before the court on plaintiff's motion for leave to amend her complaint for the purpose of adding claims under 42 U.S.C. § 1983 against additional defendants Thomas C. Meredith, who is identified in the proposed amended complaint as being the "Chancellor of the University of Alabama system" on the dates of the occurrence of those events leading to this action,[6] and Sidney L. McDonald, who is identified in the proposed amended complaint as the "President Pro Tempore" of the Board.

Consideration of the motion must begin with Federal Rule of Civil Procedure 15, which provides, in pertinent part, that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. *Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*

Fed. R. Civ. P. 15(a) (emphasis supplied). The Board opposes plaintiff's motion.

The Supreme Court has provided the following guidance for district courts

---

[6] According to the complaint, Dr. Malcolm Portera succeeded Meredith as Chancellor. Doc. no. 1 (Complaint), at 5 ¶ 15.

when considering whether an amendment to the complaint should be permitted under Fed. R. Civ. P. 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

The former Fifth Circuit held, in a case that remains binding authority on this court,[7] "if a complaint as amended is subject to dismissal, leave to amend need not be given." *Pan-Islamic Trade Corporation v. Exxon Corporation*, 632 F.2d 539, 546 (5th Cir. 1980). The Board contends that plaintiff's proposed amendment would be futile, because her § 1983 claims against Thomas C. Meredith and Sidney L. McDonald are barred by the applicable statute of limitations.

Congress did not specify a statute of limitations when enacting 42 U.S.C. § 1983, a portion of the Civil Rights Act of 1871.[8] When Congress fails to specify a

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[8] *See, e.g., Mitchum v. Foster*, 407 U.S. 225, 238-39, 92 S. Ct. 2151, 2159-60, 32 L. Ed. 2d 705 (1972).

limitations period applicable to civil claims that may be asserted under United States statutes, federal courts must "borrow" from the most analogous state statute of limitations, provided the borrowed limitations period is not "inconsistent with underlying federal policies." *Oneida County v. Oneida Indian Nation*, 470 U.S. 226, 240, 105 S. Ct. 1245, 1254-55, 84 L. Ed. 2d 169 (1985); *see also, e.g., Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978) ("Since there is no congressionally enacted statute of limitation for actions under the Civil Rights Act [of 1871], federal courts must apply the appropriate state limitation period."), *modified on other grounds*, 583 F.2d 779 (1978), *overruled on other grounds sub nom. Sparks v. Duval County Ranch Company, Inc.*, 604 F.2d 976, 978 & n.2 (11th Cir. 1979) (*en banc*).

The Supreme Court held in *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989), that the general, or "residual," statute of limitations governing personal injury claims under the law of the forum state is the proper measure of the limitations period for an action founded upon 42 U.S.C. § 1983. *Id.* at 249-50, 109 S. Ct. at 582 ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). The general, or residual, statute of limitations in Alabama is two years. *See* Ala. Code § 6-2-38(*l*)

(1975);[9] *see also, e.g., Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1484 (11th Cir. 1989) (*en banc*); *Foster v. Board of School Commissioners of Mobile County*, 872 F.2d 1563, 1567 n.4 (11th Cir. 1989); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

Plaintiff bases her § 1983 claims against Meredith and McDonald on what she describes as her "procured resignation" on September 13, 2001.[10] Accordingly, the applicable limitations period ended September 13, 2003. Her original complaint was filed on May 28, 2003, some three months and sixteen days prior to the running of the applicable limitations period. The Board filed a motion to dismiss plaintiff's claims based upon § 1983 and the Alabama Age Discrimination in Employment Act on June 23, 2003. Plaintiff filed a response to the motion to dismiss on July 28, 2003 — *i.e.*, still within the limitations period — in which she stated the following:

> Plaintiff *requests . . . that she be permitted to amend her complaint in order to* voluntarily dismiss her § 1983 and [Alabama Age Discrimination Act] claims against the Board and *add a § 1983 claim against individual defendants Thomas C. Meredith and Sidney L. McDonald.*
>
> Plaintiff has set forth in her Verified Complaint sworn allegations

---

[9] Ala. Code § 6-2-38(*l*) (1975) (1993 Replacement Volume) provides that: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

[10] Plaintiff also asserts that Meredith required her to obtain theater tickets for him during a trip to New York City and restricted her access to Board members, but the complaint does not indicate the dates on which those events occurred.

which, taken as true at this stage of the proceedings, would permit the inference by finders of fact that then-Chancellor Thomas C. Meredith and then-Board President Pro Tempore Sidney L. McDonald have violated her rights under federal law. In order to prevail on a civil rights action under § 1983, a plaintiff must demonstrate that she was deprived of a federal right by a person acting under color of state law. The person acts "under color of state law" when he acts with authority possessed by virtue of his employment with the state or by abuse of the position given him by the state. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). The dispositive issue is whether the public official — such as Meredith or McDonald — was acting pursuant to the power he possessed by state authority or, instead, was acting only as a private individual. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995). Based on the pleadings before the court, it is clear that plaintiff sets forth a statement of facts which would permit the finders of fact to conclude that Meredith and McDonald were acting pursuant to power they possessed by state authority rather than as private individuals.[11]

Despite plaintiff's expression of a desire to add two defendants, she did not file a *motion* for leave to amend her complaint, or a proposed amended complaint until December 16, 2003 — *i.e.,* three months after expiration of the limitations period.

The Eleventh Circuit held in *Long v. Satz*, 181 F.3d 1275 (11th Cir. 1999), a case in which the plaintiff also "included a request for leave to amend" her complaint in the memorandum submitted in opposition to a motion to dismiss,[12] that:

> Filing a motion is the proper method to request leave to amend a

---

[11] Doc. no. 10 (Plaintiff's Response to Defendant's Motion to Dismiss), at 2-3 (emphasis added) (footnote and paragraph numbering omitted).

[12] *Long v. Satz*, 181 F.3d 1275, 1277 (11th Cir. 1999) ("The plaintiff's memorandum included a request for leave to amend should the court be inclined to dismiss" the original claims founded upon 42 U.S.C. § 1983.).

> complaint. *Federal Rule of Civil Procedure* 7(b)(1) provides that "[a]n application to the court for an order shall be by *motion* which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." (emphasis added). A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment. *See Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").

*Id.* at 1279 (emphasis in original). Thus, the "request" stated in plaintiff's response to the Board's motion to dismiss for leave to amend her complaint to assert § 1983 claims against additional defendants Meredith and McDonald cannot be considered a proper *motion* under Rules 7(b)(1) and 15(a) of the Federal Rules of Civil Procedure.

Because plaintiff's motion for leave to amend the complaint was filed following the expiration of the limitations period, the motion must be denied unless the proposed amendment is deemed to "relate back" to the date on which the original complaint was filed. In that regard, the pertinent portions of Federal Rule of Civil Procedure 15(c) provide that:

> An amendment of a pleading relates back to the date of the original pleading when
>
> . . . .
>
> (2) the claim or defense asserted in the amended pleading arose

out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

    (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, plaintiff must show that: (1) the claims asserted against the proposed, new defendants arise out of the same conduct, transaction, or occurrence set forth in her original complaint; (2) the proposed defendants received notice of the institution of this action within the 120-day period for service of a summons and complaint; and (3) the proposed defendants knew (or should have known) that, but for a mistake, the action would have been brought against them.

The court is satisfied that the claims asserted in the proposed amended complaint against Meredith and McDonald arise from the same set of facts as the original complaint. It also seems reasonable that Meredith and McDonald would have had notice of the institution of the action at the time this action was commenced, as they are specifically identified in the complaint, and their alleged actions form the basis for plaintiff's claims against the Board.

8

Plaintiff has offered no explanation for seeking to add Meredith and McDonald outside the limitations period for § 1983 claims, however, other than that the court did not act on the "request," discussed above, contained in her response to the Board's motion to dismiss. In addition to the principle discussed in *Long v. Satz, supra*, the Eleventh Circuit has held that where, as here, a plaintiff knows the identity of potential defendants before the statute of limitations has run, the relation-back provisions of Rule 15 do not apply. *See Powers v. Graff*, 148 F.3d 1223 (11th Cir. 1998). Specifically, the *Powers* Court stated:

> Although the relation back provisions of Rule 15 are to be somewhat liberally applied, the purpose of the provision does not support relation back in cases like this one: cases where the newly added defendants were known to the plaintiff before the running of the statute of limitations and where the potential defendants should not necessarily have known that, absent a mistake by the plaintiff, they would have been sued. When relation back is too liberally allowed the important policy reasons for limitations periods are circumvented. *Cf. Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992) ("Rule 15(c) plainly provides that potential defendants are entitled to repose after a certain period unless they know they have escaped suit only by mistake.").
>
> The purpose of Rule 15(c) is to permit amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant. *See Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993) (Relation back applies where the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued."). *See generally Hill v. United States Postal Serv.*, 961 F.2d 153

9

>> (11th Cir. 1992) (permitting pro se plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements); *see also Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986). "[The Rule] permits an amendment to relate back *only* where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party." *Worthington*, 8 F.3d at 1256 (emphasis added).
>
> "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose — unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997).

*Id.* at 1226-27.

It is clear that plaintiff knew the identity of proposed defendants Meredith and McDonald prior to the expiration of the statute of limitations and, indeed, on the date suit was commenced. Because Meredith and McDonald were identified by name in her original complaint, it appears that plaintiff made a conscious choice not to sue them individually. Accordingly, the court concludes that the purpose of Rule 15(c) would not be served by allowing amendment of the complaint, and plaintiff's motion will be denied.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this __23rd__ day of April, 2004.

_____
United States District Judge

11